## WILLIAM S. WELLS, Respondent, v. C. L. HOBSON et al., Appellants.

**Kansas City Court of Appeals, January 6, 1902.**

1. **Evidence: ACCOUNT BOOKS: CONTEMPORANEOUS ENTRIES.** Entries in an account book must be contemporaneous with the events they record to be admissible in evidence; and where they are made several months after the event they are not admissible.

2. **Promissory Note: ASSUMPTION OF PAYMENT: INSTRUCTIONS COVERING ISSUES.** The action of the court in modifying an instruction relating to the assumption of payment of a promissory note so as to cover the issues in the case, is approved.

3. ———: ———: ACCEPTANCE: CONSIDERATION THEREFOR: INSTRUCTION. Where the consideration for the payment of a promissory note was the conveyance of certain real estate, which the alleged assumer denies that he accepted, he is entitled to an instruction that he was not bound by such conveyance unless he accepted it, although his name appeared therein as grantee.

4. ———: SIGNING AFTER DELIVERY: PRESUMPTION AS TO EXECUTION: BURDEN OF PROOF. A party whose name appears to an instrument of writing is presumed to have signed it on the day of its date and before delivery, and the fact that defendant sets up his signing after delivery does not destroy the presumption nor change the burden of proof—especially where the paper is fair on its face and free from appearance of alteration.

5. ———: NON EST FACTUM: EXECUTION AFTER DELIVERY. An answer setting up that defendant signed the note after delivery,

although sworn to, does not constitute a plea of *non est factum*, but is merely a confession and avoidance and requires affirmative proof.

6. ———: GUARANTOR: SURETY: PRACTICE: ANSWER. Where the answer alleges defendant signed as surety and the trial proceeds on the theory that he was surety without consideration, he can not in the appellate court raise the objection that he was not a surety, but a guarantor.

Appeal from Andrew Circuit Court.—*Hon. A. D. Burnes,* Judge.

REVERSED AND REMANDED.

*David Rea* and *J. A. Sanders* for appellants.

*J. A. Sanders* and *Karnes, New, Hall & Krauthoff* for appellant Hoar.

(1)   Defendant Hoar makes the defense in his separate answer, that he signed the note sued on, without any consideration therefor, long after it had been signed, executed and delivered by John and C. L. Hobson, to plaintiff and while plaintiff was the owner and in the possession thereof.   One who becomes a party to a note under such circumstances incurs no liability.   J. C. Hartman et al. v. L. H. Redman, 21 Mo. App. 124; Messenger v. Vaughan, 45 Mo. App. 15; Williams, Adm., v. Williams et al., 67 Mo. 661; McMahan v. Geiger, 73 Mo. 145; County of Montgomery v. Auchley, 92 Mo. 126. (2)   The court committed error in permitting plaintiff to give in evidence to the jury, book entry of the note sued on, showing the same to be signed by John Hobson, C. L. Hobson and Wm. D. Hoar.   This book and the entries therein was made by plaintiff and was not made in the usual course of business, and was not made at the time of the making of the note, but long afterwards.   Nelson v. Nelson, 90 Mo. 460; Milling Co. v. Walsh, 108 Mo. 277; Seligman v. Rogers, 113 Mo. 642;

Investment Co. v. Vette, 142 Mo. 560; Robinson & Stephens v. Smith, 50 Mo. App. 630; Drug Co. v. Graddy, 57 Mo. App. 41; Wilcoxson & Co. v. Darr, 139 Mo. 660; Robinson v. Smith, 111 Mo. 205. (3) The law does not presume that any of the defendants signed the note at all. In all suits upon notes or instruments of writing, it devolves upon the plaintiff to show affirmatively by the evidence that the defendant signed the instrument, unless the signing of the instrument is admitted by the answer or not properly denied by the answer as required by law. Ham v. Barret, 28 Mo. 388; Erhart v. Dietrich, 118 Mo. 418; Dausch v. Crane, 109 Mo. 333; Lynch v. Railroad, 112 Mo. 420; Moberly v. Railroad, 98 Mo. 183; Rapp v. Railroad, 106 Mo. 423; Myers v. City of Kansas, 108 Mo. 480; Johnson v. McMurry, 72 Mo. 278; Bank v. Stanley, 46 Mo. App. 440; Jones v. Burden, 56 Mo. App. 199. (4) The court committed error in giving instruction number five on the part of the plaintiff over the objections of defendants. It told the jury that the execution of the note sued on was admitted by the defendants. But defendant Hoar in his separate answer denies that he executed the note as one of the makers thereof. (5) Under the pleadings, the execution of the note stood denied by defendant Hoar, and it was error for the trial court to instruct the jury that the execution of said note stood admitted by defendants. A person who puts his name upon the back of a note after its delivery, is a guarantor and not a maker. Adams v. Huggins, 73 Mo. App. 140; Stagg v. Linnenfelser, 59 Mo. 336; Burnham v. Gosnell, 47 Mo. App. 637; Good v. Mastin, 95 U. S. 90; 1 Dan. Neg. Ins. (3 Ed.), sec. 715; Tiedeman on Com. Pap., secs. 270, 271; Howard v. Jones, 33 Mo. App. 583; 4 Ency. of Law (2 Ed.), 494; 2 Randolph on Commercial Paper, sec. 863; Ives v. McHard, 2 Ill. App. 176; Howe, v. Taggart, 133 Mass. 284; French v. Vawger, 47 N. J. L. 157; Burnham v. Gosnell, 47 Mo. App. 639; Law v. Crawford, 67 Mo. App. 150; Lesser v. Scholze, 93 Ala. 338; Smith v. Hiles-Carver

Co., 107 Ala. 272; Mahe v. Reynolds, 38 Cal. 560; Dewey v. Warriner, 71 Ill. 198; Thackeray v. Hanson, 1 Col. 365; Coen v. Frank, 18 Ind. 345; Moorman v. Barton, 16 Ind. 206; Archer v. Ward, 9 Gratt. 622; Ferney v. Mazeline, 87 Ind. 226. (6) The burden rested upon plaintiff to prove that defendant Hoar executed the note. It was error for the court to instruct the jury that the law presumed that the note was signed by all the parties thereto on the day it bore date, and that the burden rested upon defendant Hoar to prove that he did not sign the note until long after its delivery and execution. State ex rel. v. Chick, 146 Mo. 645, 658; Davis v. Jenny, 1 Metc. (Mass.) 221; Simpson v. Davis, 119 Mass. 269; Perley v. Perley, 144 Mass. 104, 10 N. E. 726. And to the same effect, see Perley v. Perley, 10 N. E. 726; Burnham v. Allen, 1 Gray 496; Morris v. Bowman, 12 Gray 467; Simpson v. Davis, 119 Mass. 269; Feurt v. Ambrose, 34 Mo. App. 360; Edmonston v. Henry, 45 Mo. App. 349; Bunker v. Hibler, 49 Mo. App. 536.

*Willis G. Hine* and *Booher & Williams* for respondent.

(1)   Where there is a conflict of evidence as there was in this case, it is the duty of the trial court to submit the issue to the jury, and in such a case the appellate courts will not interfere. Kahn v. Overstolz, 82 Mo. App. 238; Oglebay v. Corby, 96 Mo. 285; Proffer v. Miller, 69 Mo. App. 501; Coats v. Lynch, 152 Mo. 161. In the absence of any suggestion as to error in a matter of law, the court will not reweigh the conflicting evidence. Bailey v. Gunning, 155 Mo. 682. (2)   Defendant Hobson admits the execution of the note sued on and alleges that certain payments should be credited thereon. Plaintiff, in his reply, admits that the payments mentioned in the answer were applied on a note executed by John and John D. Hobson for $425, which last named note plaintiff alleges defendant Hobson had assumed and agreed

to pay. (3) Where a debtor by direction of his creditors agrees to pay the amount to a third person to whom the creditor is owing a like sum, the promise is a direct undertaking of the debtor to pay his own debt and need not be in writing. The promise of defendant Hobson was to pay his own debt to John Hobson by assuming to pay the debt John Hobson owed to plaintiff. Holt v. Dollarhide, 61 Mo. 433; Besshears v. Rowe, 46 Mo. 503; Flanagan v. Hutchinson, 47 Mo. 237; Sinclair v. Bradley, 52 Mo. 180; Schufeldt v. Smith, 139 Mo. 367. (4) The court did not err in giving instruction number three on the part of respondent. On the contrary, this instruction states a correct proposition of law. R. S. 1879, sec. 636; Gage v. Averill, 57 Mo. App. 111; Fuert v. Ambrose, 34 Mo. App. 360; Dausch v. Crane, 109 Mo. 333; 3 Kent 77; Clark v. Schneider, 17 Mo. 295; Edmonston v. Henry, 45 Mo. App. 349; Bunker v. Hibler, 49 Mo. App. 536. (5) The court committed no error in permitting respondent to give in evidence to the jury, book entry of the note sued on. The book and the entries themselves were made in the usual course of respondent's business, and while the matters were fresh in his mind. Anchor Milling Co. v. Walsh, 108 Mo. 277; Robinson v. Smith, 111 Mo. 205; Seligman v. Rogers, 113 Mo. 642; Wilcoxson v. Darr, 139 Mo. 673; Tent Co. v. Legg, 59 Mo. App. 504; Fulkerson v. Long, 63 Mo. App. 271; Smith v. Beattie, 57 Mo. 283; Shepard v. Bank, 15 Mo. 143; Borgess v. Vette, 142 Mo. 560; Merrett v. Poulter, 96 Mo. 237; Bender v. Dungan, 99 Mo. 126; State v. Tice, 90 Mo. 112; Bank v. Overall, 90 Mo. 410; Rose v. Rubeling, 24 Mo. App. 369; Bobb v. Syenite Co., 41 Mo. App. 642. (6) An instruction must not ignore controverted facts or evidence. Stocker v. Green, 94 Mo. 280; Birtwhistle v. Woodward, 95 Mo. 113; Ephland v. Railroad, 57 Mo. App. 162.

BROADDUS, J.—This is a suit on a promissory note alleged to have been executed by John Hobson and the de-

fendants, C. L. Hobson and W. D. Hoar, on the fifth of January, 1883, for the sum of five hundred dollars, due in twelve months from date. The note is credited with the following payments: $100 paid by defendant Hoar, December 28, 1886, and $240.67 paid by defendant C. L. Hobson, August 3, 1889.

. Defendant Hoar answering, denies that he executed the note sued on; denies that he paid the sum of $100 on said note, as alleged in the petition, or any other sum; and admits that his co-defendant paid on said note the sum of $240.67, as stated. For further answer, he alleges that on the fifth of January, 1883, John Hobson, now deceased, and defendant C. L. Hobson signed and executed the note sued on, and delivered same to plaintiff for an antecedent debt owed him by said John Hobson and defendant C. L. Hobson; that long afterwards, to-wit, in the month of February, 1884, he signed said note after its execution and delivery to plaintiff as surety for said John Hobson and defendant C. L. Hobson; that he received no consideration for signing said note; and that no consideration passed between any of the parties at the time he signed same. He then further avers that there were other payments on said note, viz.: $303.80 paid August 22, 1888; $140 paid June 9, 1890; $50 paid April 18, 1892; and $75 paid February 7, 1893. All paid by defendant C. L. Hobson. This answer is sworn to by defendant Hoar.

Defendant C. L. Hobson also files separate answer, wherein he admits that he executed the note with John Hobson, deceased, and claims credit for the additional payments on note set up by defendant Hoar, except as to the $50.

Plaintiff replies separately to each of said answers. In respect to that of defendant Hoar, he makes a general denial. In both, he avers that on January 29, 1882, he loaned to said John Hobson, now deceased, and to one John D. Hobson the sum of $425, for which he took their joint note, payable in twelve months after date, at ten per cent interest; and that before any payments were made thereon, defendants C. L.

Hobson and William D. Hoar assumed and agreed to pay said note; and that additional payments mentioned in the respective answers of defendants were applied on said last mentioned note.

There was a trial before a jury, verdict for plaintiff for $1,473.11 and judgment thereon, from which the defendants appealed.

There was evidence introduced on all sides addressed to the issues made by the pleadings. Upon the issue as to whether defendant executed the note in suit at or before its delivery to plaintiff, or afterwards, the plaintiff Wells was allowed, over the objections of defendants, to testify as to the contents of a book kept by him in which he made memoranda of different notes he held against their respective makers. It appeared in evidence that plaintiff Wells was a tax collector, which will explain his answer to the following question put by the court, viz.:

"Q. Was that made (alluding to the memorandum book) at the time of the transaction? (referring to the execution of the note in suit). A. I am not positive as to the exact date that it was made—it was some time between the time I sold out my business, which was in the spring of '83, and the time I got my current books in August, 1883. Q. Was it your custom in making loans that you waited a reasonable time after making a loan and then putting it in that particular book? A. I did, sir. Q. At this time? A. Yes, sir. Q. That was the way you did it this time? A. Yes, sir; and what loans I had prior to making that book I copied from the accounts into that book."

The book was not competent evidence, for according to the plaintiff the memoranda was not made until April, 1883, at the earliest, whereas the note bears date of January, 1883, several months prior. It was not contemporaneous with the date of the note. The objection was made to this testimony

on the specific ground, "that the witness had no right to make evidence for himself." It is a well-established rule that evidence of this kind in order to be admissible, the entries should be made contemporaneous with the transaction to which they refer. Nelson v. Nelson, 90 Mo. 460; Anchor Milling Co. v. Walsh, 108 Mo. 277; Robinson v. Smith, 111 Mo. 205.

There was evidence tending to show that the defendants had assumed to pay all the indebtedness of John Hobson, the father of one of them, and father-in-law of the other, and in consideration thereof he had deeded to them certain real estate. The defendant asked the court, among others, to give instruction number two, which the court refused; but after modifying it, gave it in its modified form. There was no error in this as the modification was proper to make it cover the issues. Neither was there error in the action of the court in refusing the defendant's instruction number four.

Instruction number three, asked by defendants and refused by the court, is as follows: "If the jury believe from the evidence that defendant Hoar was not present when John Hobson executed and acknowledged the warranty deed mentioned in the evidence, and that said Hoar afterwards declined to accept the same and never had said deed in his possession, then it was no deed as to the defendant Hoar, even if his name was included therein as one of the parties, and Hoar would be in no way bound by such deed." The defendant's evidence was to the effect that he did not accept said deed and that he had not acted under it. We are at a loss to know how he could be bound by a deed made to him in his name unless he accepted it, for it was no deed as to him until accepted by him. We think the instruction should have been given.

The defendants and appellants further contend that instructions numbers one, three and five given at the instance of the plaintiff, was error. Instruction one seems to be unobjectionable. Instruction number three is as follows: "The

court instructs the jury that the law presumes that the note sued on was signed by all the parties thereto, on the day it bears date, and before delivery thereof to the plaintiff. And to overcome this presumption it devolves upon the defendant, W. D. Hoar, to prove to your satisfaction, by a preponderance of the evidence, that he did not sign said note until long after the execution and delivery thereof. And unless you are satisfied you will find for the plaintiff upon that issue of defendant Hoar's answer."

Instruction number five reads as follows: "The execution of the note sued on is admitted by the defendants, and it imports a valuable consideration, and it devolves upon defendant Hoar to establish by a preponderance of the evidence that as to him said note was given without any consideration, and unless you are so satisfied from a preponderance of the evidence, you will find that issue made by the answer of defendant Hoar, against him." The objection made to instruction number three is that under defendant Hoar's plea the burden was cast upon defendant to prove that he did not sign the note until after delivery of the same, and that the presumption was that he signed it on the day of its date, and before delivery to plaintiff.

It was held in State ex rel. v. Chick, 146 Mo. 645, that where the plea is *non est factum,* and it is plain on the face of the bond that a change has been made, the burden of proof is on the plaintiff to show that the alteration was made before defendants signed it, or that it was made with their consent. Judge WILLIAMS, who wrote the opinion of the court, says that there had been an erasure in the bond and the figure 5 written over the space that had been erased: "This," he says, "was manifest from an inspection of the paper. . . . The burden was, therefore, on plaintiff to show that defendants executed the instrument as sued on, and that the identical paper upon which a recovery was sought against them was their bond. The plaintiff attempted to do this by proving

that the signatures were genuine, and that it was admitted by defendants upon a former trial that they signed the paper, but it further appeared that this admission was coupled with the statement that the penalty of the bond had been changed after they had executed it without their knowledge or consent." The law lays much stress upon the fact that the alteration was manifest, and such being the case the burden was on the plaintiff to explain the alteration. We understand this to be the general rule. Halton v. Kemp, 81 Mo. loc. cit. 665; McCormick v. Fitzmorris, 39 Mo. 24. If nothing appears of a suspicious character the alteration will be presumed to be contemporaneous with the execution of the instrument. Paramore v. Lindsay, 63 Mo. 63. Section 746, Revised Statutes 1899, is as follows: "When any petition or other pleading shall be founded upon any instrument in writing, charged to have been executed by the other party and not alleged therein to be lost or destroyed, the execution of such instrument shall be adjudged confessed, unless the party charged to have executed the same deny the execution thereof, by answer or replication, verified by affidavit. . . ."

The answer in this case is not a denial of the execution of the instrument sued on, but defendant Hoar admits that he executed it as it reads. There have been no alteration or any changes in it whatever, but he alleges that he is not bound by it because he did not sign it until after it was delivered. There is nothing in the answer that would authorize the trial court to change the burden of proof from the defendant to plaintiff under defendant's answer. Such being the case, the objection to both instructions numbers three and five, fall to the ground.

Calling the defendant's answer a plea of *non est factum* does not make it one. A plea of *non est factum* under the statute in question in order to change the burden of proof must deny the execution of the instrument as it stands. In this case the execution of the note is admitted. Its legality and bind-

ing force as to defendant Hoar is denied, because he alleges that it was not executed until after delivery and without consideration. It is an affirmative defense. The fact that defendant made affidavit to his answer did not change the burden of proof. It was clearly a plea of confession and avoidance.

Defendant Hoar's counsel strenuously insists that he was not liable in this suit, because his undertaking was that of guarantor and not as security or maker. But he alleged in his answer that he signed the note as surety, and the case was tried upon the theory that he was a surety without consideration. It is too late to raise the objection now for the first time.

For errors mentioned the cause is reversed and remanded. All concur.