CORA EITEL, Respondent, v. J. J. FARR and
MAGGIE C. FARR, Defendants; MAGGIE C.
FARR, Appellant.

Kansas City Court of Appeals, April 6, 1914.

BILLS AND NOTES: Consideration: Signing after Delivery.
When one signs a note after it has been executed and de-
livered and the consideration has passed between the parties,
he incurs no liability unless there be a new consideration, but
where a note is so signed pursuant to promise or agreement
made in advance of the delivery the act relates back to the
inception of the first contract and no new consideration is re-
quired.

Appeal from Adair Circuit Court.—*Hon. Nat. M.
Shelton,* Judge.

AFFIRMED.

*Campbell & Ellison* and *Millan & Banning* for appellant.

*J. E. Reiger* for respondent.

JOHNSON, J.—This is a suit on a promissory note for $800, dated March 6, 1911, due one year after date and signed by the defendants J. J. Farr and Maggie C. Farr, who then were husband and wife, but since have been divorced. Judgment was rendered against both defendants and Maggie alone appealed. Farr offered no defense and appeared at the trial as a witness for plaintiff. The petition alleges that on March 6, 1911, the defendants executed and delivered to plaintiff "their promissory note dated Novinger, Missouri, March 6, 1911, by the terms of which the said defendants one year after date of said note jointly and severally (promised) to pay to the order of plaintiff eight hundred dollars," etc. The word "promised" appearing in parenthesis is omitted from the petition obviously by inadvertence. This omission is the subject of an objection to the sufficiency of the petition to state a cause of action, but we rule that the point made for the first time in this court is too hypercritical to merit consideration.

Mrs. Farr admitted the execution of the note in her answer but alleged that she did not sign it until after her husband, for whose sole benefit the indebtedness was incurred, had signed and delivered it to plaintiff and received its proceeds and that no consideration was received by her for signing the note. The reply is a general denial.

The defense pleaded in the answer did not constitute a plea of *non est factum* but was in the nature of a plea of confession and avoidance. [Wells v. Hobson, 91 Mo. App. 379.] In substance the appealing

defendant asserted that though she signed the note described in the petition it was without consideration as to her. This was an affirmative defense and she assumed the burden of proving it. The reply put in issue not only the allegation that she signed the note after delivery but also the further allegation that she received no consideration therefor. A jury was waived and after hearing the evidence the court rendered judgment for plaintiff. No declarations of law were asked or given.

Farr bought land for himself and borrowed $800 from plaintiff to pay upon the purchase price. The evidence of plaintiff is to the effect that her husband who was her agent in the transaction refused to lend the money unless Mrs. Farr would sign the note with her husband; that she agreed to sign the note but did not appear at the time and place appointed for closing the transaction; that on account of the assurance of Farr that she would perform her agreement, the husband of plaintiff took the note which Farr signed as maker and gave him the proceeds and that four or five days later, appellant called and signed the note pursuant to the agreement. Mrs. Farr denies having made a promise of that character and states that on the occasion of a social visit she and her husband made at the home of plaintiff she attached her signature to the note at the request of the husband of plaintiff. This issue of fact was resolved by the court against appellant and for present purposes we must assume (the evidence of plaintiff being substantial), that the signature of appellant, though affixed to the note after delivery was in pursuance of a promise made before delivery and on the strength of which plaintiff was induced to part with her money.

One who signs a note after it has been executed and delivered and the consideration has passed between the parties incurs no liability unless there be a

new consideration, but where a note is so signed pursuant to a promise or agreement made in advance of the delivery the act "relates back to the inception of the first contract and no new consideration is required." [County of Auchley, 92 Mo. l. c. 129 and cases cited; Pfeiffer v. Kingsland, 25 Mo. 66; McMahon v. Geiger, 73 Mo. 145; Wollman v. Loewen, 96 Mo. App. 299.]

The pleadings and evidence of plaintiff discloses a cause of action against appellant and since the issues of fact were decided against her by the court sitting as a jury, the judgment must be affirmed. It is so ordered. All concur.