D. A. SAHLEIN *et al.*, Appellants, v. CALEB GUM *et al.*,
Defendants ; P. T. PITTS *et al.*, Interpleaders,
Respondents

t. Louis Court of Appeals, January 27, 1891.

Bill of Exceptions: SIGNATURE. When a bill of exceptions is
signed by the judge of another circuit than the one in which the
trial occurred, and, so far as the record discloses, the judge sign-
ing the bill is not the one who tried the cause, the bill will be
treated as a nullity.

*Appeal from the Howell Circuit Court.*—HON. JOSEPH
CRAVENS, Judge.

AFFIRMED.

*Wolf, Livingston & Winningham*, for appellants.

*L. B. Woodside*, for respondents.

ROMBAUER, P. J.—This is a controversy between
attaching creditors, and interpleaders, touching the
validity of the sale of certain goods, made by the
attachment debtors to the interpleaders. The cause
was tried by the lower court without a jury, and
resulted in a judgment in favor of the interpleaders.
The plaintiffs, appealing, assign for error that the court
excluded legal evidence offered by them, and refused
proper declarations of law which they asked.

The first point to be decided is, whether there is
any record evidence before us of either fact constituting
the grounds of complaint, as the respondents claim that
the record fails to show that a bill of exceptions was
ever signed by the judge, or filed by the clerk, as
required by law. The record entry of May 7, 1890,
recites that, at the term of the court when this cause

was tried, the Hon. J. F. HALE, Judge of the Thir-
teenth Judicial Circuit, was sick, and by his request the
Hon. JOSEPH CRAVENS, Judge of the Thirtieth Judicial
Circuit, proceeded to hold the term of the court. The
record entry of May 9, 1890, recites that the cause was
tried by the court sitting as a jury, and that judgment
was rendered in favor of the interpleaders, and that, on
the same day, a motion for new trial was filed, heard
and overruled, and the plaintiffs prayed for and were
granted an appeal, with leave to file a bill of exceptions
within sixty days. The transcript then recites that
" afterwards, to-wit, on the sixteenth day of June, 1890,
there was filed in the office of the clerk of the circuit
court of Howell county a bill of exceptions in a cause,"
etc. The pretended bill of exceptions purports to be
signed on the thirteenth day of June, 1890, by G. D.
BURGESS, Judge.

These being the facts, we are bound to conclude
that there is no legal bill of exceptions in this case.
We take judicial notice of the fact that G. D. BURGESS
was, on the thirteenth day of June, 1890, judge of the
Eleventh Judicial Circuit, but that fact of itself did not
authorize him to sign a bill of exceptions of a cause
tried in the Thirteenth Judicial Circuit, and tried by the
judge of another circuit, as far as the record discloses ;
and the record shows no facts whatever, which would
even intimate how he came to sign the bill.

It was held in *Voullaire v. Voullaire*, 45 Mo. 602,
that it is the duty of the judge, who tries the case, to
go through with it, and entertain and dispose of a
motion for new trial, and the decree in that cause was
reversed on the sole ground, that another judge than
the one who tried the cause had passed on the motion
for new trial. It necessarily results from this that it is
the duty of the judge, who hears the cause, to pass upon
and sign the bill of exceptions, because as Judge PHILIPS
aptly asks in *Cranor v. School District*, 18 Mo. App.
397, how can a judge certify that certain evidence was

offered and excluded at the trial, when he was absent?
It was thus repeatedly held that the death or termina-
tion of office of the trial judge between the date of the
judgment and a final disposition of the motion for a
new trial, would in many cases work a new trial as a
matter of law. *Woolfolk v. Tate*, 25 Mo. 597; *Cocker
v. Cocker*, 56 Mo. 180.

In order to avoid such a result, when the bill of
exceptions was not signed by the judge, who tried the
cause, before the expiration of his term, the law was
amended in 1889 by the enactment of the following
provision: Section 2171, Revised Statutes, 1889: "In
any case where the judge, who heard the case, shall go
out of office before signing the bill of exceptions, such
bill, if agreed to be true by the parties to the action, or
their attorneys, or shown to the judge to be correct,
shall be signed by the succeeding or acting judge of the
court, where the case was heard."

We do not deem it necessary to decide whether,
upon the showing of the record before us and under the
above provision, Judge CRAVENS or Judge HALE should
have signed the bill in order to make it part of the
record. As neither of them signed it, and it was not
signed by bystanders, the bill was a nullity. *Smith v.
Railroad*, 55 Mo. 601; *Fulkerson v. Houts*, 55 Mo. 302.

There is no error in the record proper, so that the
judgment must necessarily be affirmed. In view of the
state of the record, however, we deem it proper to add
that we have looked over what purports to be a report
of the testimony and instructions, and that it is highly
improbable that their embodiment in the record of a
legal bill of exceptions would have changed the result.
Judgment affirmed. All the judges concur.