MARTIN, Respondent, v. MERCANTILE TOWN MUTUAL FIRE INSURANCE COMPANY, Appellant.

St. Louis Court of Appeals, April 2, 1907.

APPELLATE PRACTICE: Bill of Exceptions: Special Judge. Where a special judge, elected to hold court for a part of a term, on account of the absence of the regular judge, tried a case, extended time for filing a bill of exceptions therein after the term, which time was afterwards extended by order of the regular judge, and the special judge signed such bill of exceptions which was filed within the last extended time, the bill of exceptions could not be reviewed on appeal.

Appeal from Texas Circuit Court.—*Hon. W. E. Barton,* Special Judge.

AFFIRMED.

*Fyke & Snider* for appellant.

*Lamar & Lamar* for respondent.

Respondent insists that after the adjournment of the November Term, 1905, of the Texas Circuit Court, the powers of W. E. Barton, who had been elected special judge to hold the remainder of the term, ceased, and that he was without authority to settle and sign the bill of exceptions, and such bill is therefore a nullity. He was not elected judge of a particular *case* or *cases* but judge of that term, and upon its adjournment his power ceased, and Judge Woodside, the regular judge, became his successor, and he alone had the power to sign and settle the bill of exceptions. R. S. 1899, secs. 1679, 1682; R. S. 1899, sec. 731; State ex rel. v. Gibson, 187 Mo. 553; Bailey v. Coe, 106 Mo. App. 653; Sansome v. Wofford, 111 Mo. 532; State ex rel. v. Perkins, 139 Mo. 117; Glaves v. Wood, 78 Mo. App. 353; Richards v. Agricultural Assoc., 156 Mo. 412.

GOODE, J.—This cause was tried at the November term, 1905, of the circuit court of Texas county. Hon. Leigh B. Woodside, the regular judge of the court, was unable to hold part of the term and failed to procure another judge to hold it; wherefore the attorneys of the court, on November 16, elected one of the members of the bar, W. E. Barton, to hold the remainder of the term. The present cause was tried November 28 and resulted in a verdict for plaintiff. Defendant appealed and was allowed one hundred and twenty days from said date to file a bill of exceptions. The court afterwards adjourned to court in course and the record was signed by Hon. W. E. Barton, the special judge for the term. On February 10, 1906, an order extending the time to file the bill of exceptions until August 1 was filed with the clerk, said order being signed by both the regular judge, L. B. Woodside and the special judge, Hon. W. E. Barton. On July 23, 1906, an order was filed with the clerk dated July 21, extending the time to file

MARCH TERM, 1907.    223

Martin v. Merc. Town Mut. Fire Ins. Co.

the bill of exceptions to September 1, 1906.  This order was signed only by the regular judge, Hon. L. B. Woodside.  On August 1, 1906, the bill of exceptions in the cause was filed, it having been signed and allowed only by Hon. W. E. Barton, the special judge.  With the record in this State, the exceptions taken are unreviewable.  Whether the regular or special judge had authority to extend the time for filing the bill of exceptions and sign and allow said bill, the appeal must fail except as to the record proper.  One of the extensions was allowed only by the regular judge, hence if the power was in the special judge, that extension was invalid.  On the contrary, if the power was in the regular judge, the bill of exceptions not having been signed by him, is invalid.  In Rawlins v. Timons, 80 Mo. App. 84, the authority to deal with the bill of exceptions was held to be in the special judge elected by the members of the bar.  Section 731 of the Revised Statutes of 1899 says if the judge who tries a case goes out of office before signing the bill of exceptions, it shall be signed by the succeeding or acting judge of the court.  In State v. Sanders, 106 Mo. 189, it was held that a judge elected to hold a term is a judge of the court, and it may be argued that the special judge who tried this case went out of office with the expiration of the term.  We need not pass on these points as the appellant invoked authority alternately from the special and the regular judge.

The judgment is affirmed.  All concur.