BERRY BROTHERS, Limited, Respondents, v. LEO N. LESLIE, Appellant.

Kansas City Court of Appeals, May 25, 1908.

1. COURTS: Special Judge: Termination of Office: Presumption: Appellate Abstract: Bill of Exceptions. The election of special judge to hold a term of court does not carry any presumption that his office extends beyond the term, and if elected for a second term the abstract of record on appeal should show such fact and that a bill of exceptions allowed at a succeeding term was therefore properly taken and filed.

2. ———: ———: Special Case: Bill of Exceptions. Where a judge is selected to try a special case he is judge of the court for all purposes as to such case and whenever it becomes necessary to make an order in the case he is impowered to hold court for that purpose; but the office of a person elected to hold court for the whole or part of a term expires with the term and he cannot sign a bill of exceptions in a case tried before him after the term expires; such bill must be signed by his successor.

Appeal from Jackson Circuit Court.—*Hon. Frank F. Rozzelle,* Special Judge.

AFFIRMED.

*William J. Morse* and *Milton Schwind,* for appellant, filed brief on merits.

*James G. Smith* for respondents.

(1)    Hon. F. F. Rozzelle was elected to hold part of the April, 1906, term of the circuit court of Jackson county, Missouri, on account of the illness of Hon. William B. Teasdale, the then duly qualified judge of Division No. 3 of said court.    Under section 1679, Revised Statutes 1899, said Rozzelle signed the bill of exceptions here filed on October 16, 1906, same being the October term of said court.    The abstract of record shows no order entered of record allowing time after said April term for filing said bill of exceptions.    Nor does it show said Rozzelle was again elected at the October term of said court.    Even though said above order was entered of record Hon. F. F. Rozzelle could not sign the bill of exceptions as his term had expired with the April term of the circuit court.    R. S. 1899, sec. 728; R. S. 1899, sec. 731; Bailey v. Coe, 106 Mo. App. 653; State ex rel. v. Perkins, 139 Mo. 106.    (2)    Abstract should show affirmatively that a bill of exceptions was filed. Quarry Co. v. Construction Co., 72 Mo. App. 478; Hohstadt v. Daggs, 49 Mo. App. 157.    (3)    Court of Appeals will not examine a bill of exceptions for any purpose signed after the close of the term in which the motion for a new trial was overruled, unless there is a stipulation or entry of record authorizing the proceeding. Howes v. Holmes, 2 Mo. App. 81; Bank v. Fletcher, 15 Mo. App. 274; Roush v. Cunningham, 163 Mo. 173.

JOHNSON, J.—Plaintiffs sued defendant on an account before a justice of the peace and obtained judg-

ment.    Defendant appealed to the circuit court of Jackson county where the cause was tried at the April term, 1906, before the Honorable F. F. Rozzelle, who had been elected as special judge to hold a part of that term on account of the illness of the Honorable William B. Teasdale, the regular judge.    A jury being waived by the parties the cause was submitted to the court, judgment was rendered in favor of plaintiffs and defendant appealed.    The record discloses that on the 6th day of October, 1906, and during the said April term, an order was made allowing the appeal and granting defendant leave to file his bill of exceptions, "within ten days after the adjournment of said April term, 1906," and further, that the bill was signed and filed on the 16th day of October, which was after the close of the April term but within the time stated in the order.    It was signed by Judge Rozzelle but not by Judge Teasdale. All of the errors assigned relate to matters occurring at the trial and as the appeal was brought here by the short form, it was incumbent on defendant to show affirmatively in his abstract of record that his bill of exceptions was properly taken and filed.    [Quarry Co. v. Construction Co., 72 Mo. App. 478; Hohstadt v. Daggs, 49 Mo. App. 157.]    For aught appearing in the abstract before us, we must assume that the period for which the special judge was elected ended with the April term and that he was not re-elected to serve during the October term, nor any part thereof.    The question to be decided is whether a bill of exceptions signed by the special judge who tried the cause, after the expiration of the period for which he was elected should be treated as properly authenticated.

It has been held that where a special judge is elected to preside at the trial of a particular case, his authority over that case continues until its final disposition in the circuit court and if time for filing a bill of exceptions be extended beyond the term at which the case is tried,

the special judge. may authenticate the bill.    As to
that particular case, he is the judge of the court for all
purposes and whenever it becomes necessary to make
an order in the case, he is empowered to hold court for
that purpose.   [Naffzieger v. Reed, 98 Mo. 87; Holliday
v. Mansker, 44 Mo. App. 465; Rawlins v. Timons, 80
Mo. App. 84.]

But the rule is different where the special judge
is elected to hold a term or part of a term of court for
the transaction of all of the business that may properly
come before the court during that period.  In such case,
the special judge becomes the judge of the court for a
specified term of office and succeeds to all the powers
and responsibilities of the regular judge.    When his
term ends, he goes out of office, ceases to be judge for
any purpose, just as a regular judge becomes divested
of all judicial powers and functions at the expiration
of his term of office. [Ranney v. Packing Co., — Mo. App.
—; Scott v. Joffee, 125 Mo. App. 573; State v. Sanders,
106 Mo. 188; Martin v. Insurance Co., 124 Mo. App.
221.]    Since Judge Rozzelle's term of office expired
with the April, 1906, term of court, it follows that he
had no authority to sign and order filed a bill of excep-
tions after the close of that term.    Under section 731,
Revised Statutes 1899, that function should have been
performed by his successor in office.    The bill of excep-
tions does not come to us properly authenticated and
as no error appears in the record proper, the judgment
must be affirmed.    All concur.