LEE RANNEY, Respondent, v. HAMMOND PACK-
ING COMPANY, Appellant.

Kansas City Court of Appeals, April 6 and June 29, 1908.

COURTS: Duties of Special Judge: Bill of Exceptions: Trial Prac-
tice. Where the regular judge is unable to hold a term of court
and a special judge is elected and does hold a term, the regular
judge has no authority to sign a bill of exceptions in a case
tried before him at a preceding term, but such bill of excep-
tions should be signed by the special judge. [Statutes and
cases considered.]

Appeal from Buchanan Circuit Court.—*Hon. Henry M.
Ramey,* Judge.

AFFIRMED.

*James W. Boyd* and *W. H. Sherman* for respond-
ent.

(1) There is nothing in this case, before the court,
for its determination except the petition and judgment.
There is no bill of exceptions in the case. Under the
facts Judge Ramey had no authority on December 10,
1907, during the September term, to sign it nor to make
any order. R. S. 1899, secs. 730, 731, 1079. (2) Judge
Ramey was then out of office. Judge Rusk did not try
the case, and could not file the bill unless the bill had
been agreed to by the parties. There was no agreement
of any kind; the record shows none, nor does it show
that the bill was shown to be true and correct. These
are jurisdictional facts and must be shown by the rec-
ord. (3) Besides the bill to be valid must be filed in
court by a court authorized to sign and file it. R. S.
1899, sec. 730; Martin v. Insurance Co., 124 Mo. App.
221; State v. Sanders, 106 Mo. 189. (4) Judge Rusk
could not have even made an order extending the time.
124 Mo. App. 221, supra; 106 Mo. 189, supra.

*Vinton Pike* for appellant.

(1) The bill of exceptions in this case was signed by the judge who tried the cause, and was filed pursuant to the leave granted by him. (2) This is not a bill of exceptions to the rulings of a judge who had gone out of office before signing the bill, a case provided for by the statute cited by the respondent. This bill was agreed to by respondent's counsel, as shown by their' endorsement thereon (the original bill having been returned to this court pursuant to order made February 29th). It was then signed by the proper judge and filed pursuant to the leave given, and the fact noted in the minutes of the record by the clerk. The bill is duly authenticated. Martin v. Castle, 182 Mo. 224. (3) In State ex rel. v. Gibson, 187 Mo. 552 (approving Patterson v. Yancy, infra) it is said: "The tendency of judicial mind is away from planting thorns in the path of review, in order that justice may be dealt out with certainty and in full measure." (4) In Patterson v. Yancy, 90 Mo. App. 681, the bill was authenticated as the one in this case. (5) At the foot the plaintiff certified and agreed to the bill by the familiar and brief formula, "O. K.," with their signatures.

ELLISON, J.—The plaintiff sued for and recovered damages from defendant for personal injuries alleged to have been caused by defendant's negligence in the construction and operation of an elevator. Defendant appealed.

The cause was tried before Hon. Henry M. Ramey, the regular judge of the circuit court, at the September term, 1906. At the May term of court, 1907, Judge Ramey presiding, defendant's motion for new trial was overruled and time for filing a bill of exceptions was extended to any time during the September term. At the opening of the September term it appeared that Judge Ramey was so seriously sick that he could not

hold court and W. D. Rusk, Esq., of the Buchanan county bar, was elected to hold the term, as is provided by statute. [Sec. 1679, R. S. 1899.] The term extended into December and was presided over by Judge Rusk exclusively, Judge Ramey not appearing. But it seems that his health improved, and, while he did not appear in court, he signed the bill of exceptions in this case which was endorsed as correct by plaintiff's counsel. The bill was then taken into court by defendant, Judge Rusk presiding, and the following order entered by his direction: "Now on this 10th day of December, 1907, and at the September term of this court, comes the defendant and presents its bill of exceptions taken by said defendant to the action and ruling of the court in this cause, signed by Hon. Henry M. Ramey, the judge who presided at the trial of this cause, and the same being presented within the time allowed by the court for filing of said bill of exceptions, it is ordered that said bill of exceptions be now sealed, filed and enrolled with the records in this cause, and made a part of the same."

We think the bill not duly authenticated. The statute (section 1679, Revised Statutes 1899) provides for the election of a circuit judge for the term when the regular judge is not able to hold such term and has failed to call in a judge of some other circuit. That statute was followed in the election of Judge Rusk, and he thereby became the judge of the court for that term. [State v. Sanders, 106 Mo. 188; Martin v. Insurance Co., 124 Mo. App. 221.] There could be but the one judge and it was therefore not within the power of Judge Ramey to sign the bill.

The statute makes provision for such emergency by enacting (section 731) that "In any case where the judge who heard the cause shall go out of office before signing the bill of exceptions, such bill, if agreed to be true by the parties to the action, or their attorneys, or

shown to the judge to be correct, shall be signed by the succeeding or acting judge of the court where the case was heard." The expression "go out of office" need not be confined in meaning to death or resignation. We think it should cover such giving up of the office as happened in this case. If Judge Ramey had remained so incapacitated by his sickness throughout the time given for signing and filing the bill as to be unable to sign it, Judge Rusk necessarily would have been the person to perform that function. The circumstance that the former so far recovered his strength as to enable him to sign, ought not to alter the case. His official duties had been cast upon another and that other was exercising them; and he had all the power of the regular judge. [Sec. 1682, R. S. 1899; Scott v. Joffee, 125 Mo. App. 573.] By that statute the "acting judge" is designated as the proper person to sign the bill. It would seem that there was not room for official action of both Ramey and Rusk concerning the same matter. One or the other was the proper person to finally dispose of the bill of exceptions and the statute has not contemplated that each should perform a part. We are cited to Martin v. Castle, 182 Mo. 216; State ex rel. v. Gibson, 187 Mo. 552; and Patterson v. Yancy, 97 Mo. App. 681, but do not consider them in point.

There being no bill of exceptions, and there being no error in the record proper, the judgment is affirmed. All concur.