THE STATE OF MISSOURI ex rel. AMERICAN NATIONAL BANK, Respondent, v. E. B. WILLIAMS et al., Appellants.

Kansas City Court of Appeals, February 1, 1909.

1. CIRCUIT COURTS: Jackson County Divisions: Calling Judge: Electing Judge. The judge of any division of the circuit court of Jackson county may, when sick, etc., call a judge of another division to hold his court, and upon his failure to do so an election of a judge may be held.

2. ———: ———: ———: ———: Record. Where the judge of one division calls another to hold his court the record order

need not show the reason why he did so since the statutory cause would be presumed unless it appears otherwise from the record.

3. A special judge elected by the bar, may be displaced by the judge of another division, or circuit, called in by the regular judge. And if the judge thus called in, tries a case and a motion for new trial is filed therein, such judge should pass upon the motion, even though it is continued to the next term.

4. If, at term subsequent to the term when the motion is passed upon by the judge who tried the case, the regular judge should pass upon such motion, it could be an unauthorized act and an appeal at that term is too late and should be dismissed by the appellate court.

Appeal from Jackson Circuit Court.—*Hon. Hermann Brumback,* Judge.

APPEAL DISMISSED.

*Karnes, New & Krauthoff,* for appellant, filed argument.

*Thos. T. Crittenden, Elijah Robinson* and *Harris Robinson,* for respondent, filed argument.

ELLISON, J.—This action was instituted on an attachment bond, the defendant Fidelity & Deposit Company of Maryland being surety.    The judgment was for plaintiff in the trial court.

Plaintiff has filed a motion to dismiss the appeal on the ground that it was not taken during the term at which the motion for new trial was overruled.

It appears that the Jackson Circuit Court at the time of the trial was composed of five divisions, each

division being presided over by a different judge. This cause was pending in divisions No. 2, of which Hermann Brumback was the judge. On November 12, 1906, during the October term, Judge Brumback, as the record shows, was unable to hold court on account of sickness. The record also showing that he had not procured another judge to hold the court, the clerk, under the statute, held an election by the bar, when Charles W. German, Esq., was elected. German held the court for about two weeks, when, on the forty-fifth day of the term, as the record recites, court met pursuant to adjournment and was held by Judge Park "at the request of Judge Brumback, the regular judge of this division." Judge Park was the regular judge of division No. 1 of the Jackson Circuit Court, and he held court under this request of Judge Brumback for nearly two weeks, when the latter resumed his duties and Judge Park retired to his own division. During the time of Park holding the court for Brumback, this case was tried. The trial having resulted in plaintiff's favor the defendant surety company, in due time, filed its motion for a new trial. The motion was not disposed of, and afterwards the term was adjourned by Judge Brumback to the regular January term, 1907, which had the effect of continuing the case with the motion for new trial, to that term. At the opening and during the January term, Judge Brumback presided, until the fifty-third day, when he left the bench and at his "request" Judge Park again presided "while the following proceedings are had and made of record." A part of such proceedings was the motion for new trial in this case. It was argued before Judge Park and overruled by him on the fifty-third day of the January term (March 21, 1907) and no appeal was taken. On overruling the motion for new trial Judge Park retired and Judge Brumback resumed the bench.

At a subsequent term, more than a year thereafter, viz.: on the 2nd of April, 1908, Judge Brumback pre-

siding, the motion for new trial was overruled by him and, at that term, an appeal was taken, being the one now before us.

The different divisions of the circuit court of Jackson county have been brought into existence by different acts of the Legislature which enactments were chiefly made necessary by the necessity which the Legislature saw for increasing the number of judges. The laws of 1901, p. 119, and 1905, p. 123, provided in section 7, that "Whenever the judge of any division of said circuit court shall be sick, absent, or from any cause is unable to hold any term or part of term of court in such division at Kansas City or Independence, such term or part of term may, by request of such judge of such division, be held by a judge of any other division of said circuit court."

The circuit court record, above referred to, showing that Judge Brumback was disqualified on account of sickness and that he had not called in another judge, it became proper under the general statutes, section 1679, Revised Statutes 1899, to elect a member of the bar, as was done here. It was not necessary for the record to show that an effort was made to secure some other judge. [State v. Punshon, 133 Mo. 44.]     Mr. German entered upon his duties as already stated. So far there could not be, and is not, any question of authority or legal regularity. But, beginning with Brumback's request to Park to hold the court and German's retiring and Judge Park entering upon the duties of judge and trying this case, questions of regularity and authority are presented.

The record does not show that the "request" made of Park by Brumback, as authorized by the laws 1901, 1905, above quoted (which are practically same as general statutes), was accompanied by any reason or cause for making it. And we think that it was not necessary that the record should show the reason,

since the statutory cause will be presumed. [State v. Newsum, 129 Mo. 154.]

This brings us to a consideration of the request for Judge Park to hold the court after Mr. German had been elected and was in the discharge of his duties. The Legislature, in the enactment of these laws, evidently contemplated that, in keeping with a government by the people at large, judges duly elected by the people should hold the circuit courts of the State unless prevented by exceptional conditions and situations for which provisions have been made. So the statute authorizing the election of a special judge by the members of the bar when the regular judge is under disability (section 1679, Revised Statutes 1899) puts the authority for such election on the failure of the regular judge "to procure another judge to hold said term or part of a term." There was, at first, a failure in this instance to request another judge. But there is no reason why a failure at the beginning of the regular judge's disability, though resulting in the election of a special judge by the bar, should necessarily be a continuing failure throughout the term, which, in the Jackson Circuit Court might be a period of five months. The statute reads that if from "any cause" the judge "shall be unable to hold any term, or part of a term." The duration of an inability or a disability is, ordinarily, very uncertain. It may have appearance of long continuance and yet quickly terminate, and we cannot believe the statute intended the mere election of a special judge by the bar, though not for a special case, should necessarily, under all situations, exclude the regular judge for the whole term. And we think that where the regular judge calls in another judge, it, *ipso facto,* brings to an end the authority of the special judge over any other business of the court than that which the latter may have taken up and not concluded or determined. That condition of affairs may be likened to the situation where the regular judge, being under

disability, has called in another judge and thereafter, his disability having ceased, he appears. He, of course, may resume his duties and the functions of the other judge as to matters not entered upon, would cease. The latter situation is presented by the record in this case, for, we have already seen that Judge Brumback became well enough to resume his duties and did so, Judge Park retiring. This condition of affairs was raised in argument in State ex rel. v. Ross, 118 Mo. 23, 43, but the facts did not justify the court in deciding it and consequently no opinion was expressed.

After the proceeding with the business of the court from day to day, Judge Brumback adjourned it to the court in course, the January term, 1908.

At the time Judge Park retired, the motion for new trial had not been determined and it went over to the next term. During that term Judge Park was again "requested" by Judge Brumback to hold his court for a time. The record reads that "Judge Brumback, judge of this division, retires from the bench and Honorable John G. Park, Judge of division No. 1 of this court, at request of Hermann Brumback, Judge, presides, while the following proceedings are had and made of record, to-wit." Then follows action in this case in hearing and overruling the motion for new trial. Defendant builds much on the fact that no reason is given for requesting Judge Park to hold the court, and cites Bank v. Graham, 147 Mo. 250, and Ladd v. Forsee, 163 Mo. 506. But we have already seen that it is not necessary that the record state the reason for the request. It will be presumed to be for a legal reason, unless, as was the fact in the two cases just cited, the record shows the contrary. In those cases the record showed affirmatively that there was no reason. Those cases are not applicable to this case. While, as we shall proceed to show, the second request was not legally necessary, so far as authority to act on the motion for new

trial is concerned, yet it was a very natural and proper thing to do. [Riggs v. Owen, 120 Mo. 176, 182.]

Judge Park would have had the requisite legal authority to appear in Judge Brumback's division for the purpose of disposing of the motion for new trial, without any further request than that made for him to hold the court in the first instance, when he tried the case. Having tried it, his jurisdiction and authority over it continued until the motions consequent upon the trial, were disposed of. [Voullaire v. Voullaire, 45 Mo. 602; State v. Moberly, 121 Mo. 604; State v. Hayes, 88 Mo. 344; State v. Sneed, 91 Mo. 552; State v. Davidson, 69 Mo. 509; Ex parte Clay, 98 Mo. 578; Naffzieger v. Reed, 98 Mo. 87.] The last case was questioned as to another point, but not in the respect here cited. In the case of Voullaire, first above cited, it was said that "It was the duty of the judge who tried the case to go through with it and entertain, and himself hear the motion (for new trial). It is one of those matters that peculiarly belongs to the original case itself."

The cases of Ranney v. Hammond Packing Company, 132 Mo. App. 324, and Berry v. Leslie, 131 Mo. App. 236, involved the question of the proper judge to sign a bill of exceptions, a matter governed by a different statute. In neither case did the regular judge appear after the election of a special judge.

The foregoing considerations show that the proper time for appealing the case was during the term when the motion for new trial was overruled by Judge Park; and appellant not having done so, the overruling of the motion at a subsequent term was an idle proceeding and the appeal thereon was without authority of law. It is therefore dismissed. All concur.