## KATHERINE A. FARLEY et al. v. WALTER F. WELCH et al., Appellants.

### Division Two, November 14, 1911.

1. **BILL OF EXCEPTIONS: Special Judge.** Where the abstract shows that the cause was tried by a special judge and appellants were given leave to file their bill of exceptions at the next term, and the bill shows it was approved by that special judge at that term and ordered filed, the bill will not be rejected on appeal simply because the record is silent on the point as to whether or not said special judge presided at said next term at which the bill was signed by him and filed.

2. **WILL: Election of Devisees to Take Interest of Others in Real Estate: Exercise.** Where the testator gave to each of four children an undivided one-fifth in his real and personal estate, and the other fifth to a daughter and the heirs of her body, but further provided that the real and personal estate should be appraised, and thereupon two of the sons, upon a delivery to each of the others of a fifth of the appraised value of the entire estate, might take the land as their own, and the real estate was appraised, and they took from the daughter a deed reciting the payment of a consideration equal to one-fifth of the appraised value of the real estate, and there is nothing in the record from which it can be inferred that she received a full one-fifth of the estate or any part of the personal estate, the bodily heirs of said deceased daughter will be held to have a fifth interest in said real estate, and the deed to have conveyed only her life estate, and that the sons did not exercise their power of election.

Appeal from Randolph Circuit Court.—*Hon. Willard P. Cave*, Special Judge.

AFFIRMED.

*John M. Dickson* for appellants.

(1)    The intent of the testator was that the four children and the grandchild should each get one-fifth in value of the estate. So far as the interest of Margaret Ellen Moran is concerned, it was to consist exclusively of personalty, it being expressly contemplated by the

will that either the four children or the two sons should take the farm. If the four children took it, then it was the duty of each of them to give to Margaret Ellen Moran's trustee their pro rata of the value of one-fifth of the farm. Whereas, if by election or agreement the two sons took the farm, then it was their duty to account for the one-fifth of the farm to the trustee of Margaret Ellen Moran, one-fifth to Margaret C. Welch, and one-fifth to Agnes Farley for herself and the heirs of her body. (2) Whether we consider the action of Agnes Farley an election under the will, or the exercise of a power, the result is the same. Powers may be exercised by married women. Washburn, Real Property (3 Ed.), sec. 1685; Wisker v. Rische, 167 Mo. 531; 3 Pomeroy, Eq., secs. 1159 (note 2), 1160 and 1162; Lorrilard v. Coste, 5 Paige, 172; Howard v. Pavey, 128 Ill. 430; Allen v. Watts, 98 Ala. 480; In re McKey, 75 N. Y. App. Div. 78, 9 Cyc. 833; Ex parte McBee, 63 N. C. 332; Cruse v. Barley, 3 P. Wms. 19; Keim's Est., 201 Pa. St. 609; Lloyd's Appeal, 194 Pa. St. 437; Beatty v. Byers, 18 Pa. St. 105; Pyle's Appeal, 102 Pa. St. 317. Acts evincing an interest to execute a power where the donee of power has only an estate for life or is a married woman or is simply the donee of a power. Warner v. Ins. Co., 109 U. S. 557; Clermontel's Estate, 12 Phila. 139; Cuerman v. Broadax, 37 N. J. L. 508; Van Syckett's Estate, 24 Pa. Co. Ct. 241; Lane v. Lane, 64 L. R. A. 855 and note; 2 Sto. Eq., sec. 1062, note A. (3) If an interest and power of sale over the same real estate exist in the same person, a conveyance made by him without reference to the power, will not be deemed an execution of the power, but merely a conveyance of the individual interest. In a number of late cases, however, it has been held that where under such circumstances the deed conveys the entire fee, it will operate as an execution of the power because in no other way can full effect be given to it. Especially

237 Sup.—9

is this the case where, in a conveyance by a life tenant with power of appointment, the consideration is adequate for a conveyance in fee. 22 Am. and Eng. Ency. Law (2 Ed.), 1118; Owen v. Ellis, 64 Mo. 77; Campbell v. Johnson, 65 Mo. 439; Underwood v. Case, 176 Mo. 1; Scheidt v. Crecelius, 94 Mo. 322; Boyer v. Allen, 76 Mo. 498; St. L. B. & L. Assn. v. Fueller, 182 Mo. 109; Lane v. Lane, 64 L. R. A. 849. Family settlements: Palethorp Estate, 168 Pa. St. 98. A partition can bind unborn heirs of the body of the tenant for life or in tail. Reinders v. Koppelman, 68 Mo. 482; Thomas v. Tyler, 2 Vernon, 233.

*Higbee & Mills* for respondents.

(1)  Mr. Cave was elected to hold court for the remainder of the June term, 1906, at the "end of which term he went out of office and ceased to be judge for any purpose." The amended abstract recites he signed the bill during the January term, 1907, and that the court ordered it filed. It does not recite that he was elected to hold the January term or that he held it. The bill could only be signed by Judge Waller. Berry Bros. v. Leslie, 131 Mo. App. 236; Ranney v. Packing Co., 132 Mo. App. 324; Viertel v. Viertel, 212 Mo. 562. He had the power of judge during the June term only (R. S. 1899, sec. 1682), and the bill could only be signed by Judge Waller (R. S. 1899, sec. 731). A different rule prevails where a judge disqualifies and an attorney is selected as special judge to try the case. The will plainly and positively devised one-fifth of the testator's real and personal estate to Agnes Farley and the heirs of her body. Her interest was expressly limited to a life estate, with remainder in fee to the heirs of her body, the plaintiffs. Bone v. Tyrrell, 113 Mo. 175; Chew v. Kellar, 171 Mo. 215; Miller v. Dunn, 184 Mo. 318. The sixth clause of the will gives each of the five legatees the option to take in kind not to exceed one-

fifth of the personal estate. This clause also expressly limits the right of any child to take lands at their appraised value, with said personal property in amount not to exceed said fifth part, and then to clinch the matter it concludes, "but be it understood definitely that no one shall take to exceed a fifth part of my estate." (3) There is nothing in the will repugnant to this clearly expressed devise of an estate in remainder in fee to the bodily heirs of Agnes. Having been devised to them by the most clearly approved and technical language to create a remainder in fee, no subsequent words or provisions could cut down or qualify the estate so devised unless as affirmatively strong as those which devised the estate to them. In fact, if there had been any attempted qualification of the estate so devised (and there was none), it would be repugnant to the estate first devised and void, but there is no repugnancy in the will, nor any attempt to qualify or cut down the remainder so devised. The provision that Agnes should take her legacy as her separate estate is not in any sense repugnant to the remainder devised to the heirs of her body. Cannon v. Albright, 183 Mo. 239; Chew v. Kellar, 171 Mo. 215; Brooks v. Brooks, 187 Mo. 476; Jackson v. Littell, 213 Mo. 589; 1 Redfield, Wills (4 Ed.), side p. 438 and side page 447, n. 16, citing Ranfield v. Ranfield, 8 H. L. Cas. 225. (4) If it be true, as claimed by counsel, that the boys paid Agnes and Margaret the exact appraised value of two shares of the land, then it must be clear that there was no exchange, but a sale. The boys did not assign or attempt to assign their interest in the personal estate, but retained that, as is apparent not only from the report of the appraisers, but from the final settlement of the executors, the appellants in this case. The appellants put in evidence the sworn report of the appraisers made at the time, which recited that the boys purchased the interests of these two girls, and that should be the end of the controversy.

ROY, C.—This case was begun in the circuit court of Adair county on February 23, 1906, and was taken by change of venue to Randolph county, at Huntsville, where the trial occurred.

The petition states, in substance, that William Welch died in June, 1889, the owner of 580 acres of land described in the petition, leaving a will by which he devised to his children Thomas E. Welch, Walter F. Welch and Margaret C. Welch, and to his granddaughter Margaret E. Moran, each one-fifth of his real estate, and to his daughter Agnes Farley and the heirs of her body one-fifth part of said real estate. That Agnes Farley died August 17, 1905, leaving these plaintiffs her only children and issue, and that plaintiffs are jointly owners of an undivided fifth of said land; and that defendants claim said land adversely to plaintiffs, but whatever interest they have is derived solely through said will. The prayer is that the court ascertain and determine the estate and interest of plaintiffs and defendants, and adjudge the same accordingly.

On June 29, 1906, defendants Walter F. and Thomas E. Welch filed an amended answer, admitting that plaintiffs are the children of Agnes Farley, who died August 17, 1905, and that William Welch died in June, 1889, owner of said land, and leaving a will, and alleging that by said will he provided that his estate, subject to his wife's right, should go to his children and grandchild above named, the share of Agnes Farley to go to her and her bodily heirs, and the share of said Margaret E. Moran to go to Thomas E. Welch, trustee for Margaret E. Moran. That said Thomas E. and Walter F. Welch were appointed executors of said will. That the will provided for an appraisement of all the property of the estate by three freeholders of the county, and that after such appraisement the four children of said William Welch might, by agreement and election among themselves, take any part or all

of said real estate, and account for and turn over to
Thomas E. Welch, as trustee for Margaret E. Moran,
a sum equal to one-fifth of said real estate; said trustee
to retain her interest in the personal estate; or that said
Walter F. and Thomas E. Welch, by agreement and
election among the said four children, might take any
part or all of said real estate at its appraised value; and
if they took all of said land they were to turn over to
said Agnes Farley for herself and the heirs of her body
and to said Margaret C. Welch and said trustee each
a sum equal to a fifth of said real estate, and the per-
sonal estate to remain subject to distribution in five
parts under said will.    That said Margaret C. Welch
and Margaret E. Moran have no interest in said land.
That in pursuance of the will, the four children
selected and agreed to the appointment by the probate
court of Adair county of three freeholders as appraisers
of said property, and that said appraisers appraised
said land at $3609.60, exclusive of the widow's interest.
And thereupon said children agreed and elected that
said Walter F. and Thomas E. Welch would take all
of said land at its appraised value, and turn over to
said Margaret Welch and Agnes Farley each an amount
in personal property of said estate equal to one-fifth
in value of said property, and that said trustee would
charge himself with an equal amount, and that there
was turned over and delivered to said Margaret C.
Welch and to said Agnes Farley, for herself and the
heirs of her body, personal estate and money equal
to one-fifth of said estate, and that said trustee charged
himself with one-fifth of said amount.    That thereupon
said appraisers made out their report in writing showing
that all said lands were taken by said Walter F. and
Thomas E. Welch jointly at their appraised value,
and that said Walter F. and Thomas E. Welch there-
upon entered into possession of said land and have
ever since enjoyed the same as owners in fee with full
knowledge and consent of said Agnes Farley and Mar-

garet C. Welch. That the said Agnes Farley and the heirs of her body have had and enjoyed said one-fifth part of said personal property; that the said Margaret Welch has held her one-fifth in said estate; that the said trustee has had the fifth interest of his said beneficiary; and that by virtue of said election, said Walter F. and Thomas E. Welch are now and have been since the death of William Welch, the owners of said land, in fee simple, subject to the dower of said widow of William Welch. That said widow died April 1, 1902, and that ever since said settlement and election said Walter F. and Thomas E. have been in the open, notorious, continuous and adverse possession of said land. That ever since said settlement and election until her death in 1905 said Agnes Farley held and used as her equitable separate estate the one-fifth interest of said estate, and that said interest in said personalty is practically intact, and that during said fifteen years said Agnes Farley made no complaint about the kind of property taken by her for herself and the heirs of her body under the terms of the election, but, on the contrary, was always fully satisfied therewith. And that said Walter F. and Thomas E. Welch have acted upon the faith of said settlement and election and entered upon said land and cleared and improved it, and expended large sums in so doing. That said Walter F. and Thomas E. Welch have had no part of the personalty of said estate, but that the same has gone to said Agnes and others, as above stated. The answer then pleads that plaintiffs are estopped to deny that said four children of William Welch made said election, and are estopped to claim any interest in said land, and that plaintiffs are barred by laches of said Agnes from claiming that said election was not made, and the answer prays that they be alleged the owners of the land, and that the other parties be adjudged not to have any interest in said land.

The reply denied the allegations of the answer, except such as are admitted, and alleges that Agnes Farley conveyed her life estate to said defendants, and that said defendants converted to their own use the entire personal estate of their said father, and that said appraisement was fraudulently procured to be made by said defendants at a fouth of its real value for the purpose of procuring the interest of Margaret E. Moran at a grossly inadequate price.

The separate answer of Margaret C. Welch and Margaret E. Moran were practical admissions of the allegations in the separate answer of Walter F. and Thomas E. Welch.

At the June term, 1906, Judge Waller, the regular judge of the circuit, announced that he was unable to hold the remainder of the term and had been unable to get a judge of another circuit to hold it, and at an election of the bar, Hon. Willard P. Cave, a member of the bar, was elected as special judge for the remainder of the term. The cause was tried before Judge Cave on June 29, 1906, without a jury.

The plaintiffs introduced in evidence the will of William Welch, by which he left his estate, subject to his wife's rights as follows: One-fifth to each of his children Walter F., Thomas E. and Margaret C.; one-fifth to Thomas E. in trust for the grand-child, Margaret E. Moran, said share to be kept loaned out until she is twenty-one years of age, paying her nothing but what is necessary for her education and support, and one-fifth to Agnes Farley and her bodily heirs. The remainder of the will is as follows:

"5th:—I hereby nominate and appoint my two sons, Walter F. Welch and Thomas E. Welch, executors of this my last will, and request them to settle up all of my estate, if possible, without any litigation in court.

"6th:—After a fair and honest appraisement of the personal property by capable and disinterested householders of said county it is my will that any one or all of my said children may take of my said personal property, trust deeds, notes, choses in action, etc., and divide the same at the appraisement value if they see fit, of course none to take in excess of its said fifth; and, of my real estate, I will that it also be appraised by three good and capable freeholders, who shall all be sworn to make an equitable, just and fair appraisement of all my said estate, excepting what my beloved widow takes under the law as aforesaid, and after it is so appraised, I will that my said four children, or my said two sons, may take said land at the said appraisement in amount, in no case, with said personal property to exceed said fifth part, and that when said appraisement of the real estate is so made and the said lands taken at appraisement in whole or part, that said appraisers make report to the probate court of Adair county, Missouri, under oath, and let said court file said report with the land thus taken mapped off, and it shall be taken as so much land under this will: but be it understood definitely that no one shall take to exceed a fifth part of my estate."

The plaintiffs then put in evidence the original answer of the defendants, which, after setting out the provisions of the will, alleged that the real estate was appraised by three freeholders of the county appointed by the probate court at the total sum of $4170, and that the widow's interest therein was appraised by them at $560.35, leaving after deducting the widow's interest, $3609.65, and that said appraisers, on December 6, 1890, filed their report of said appraisement in the probate court, and said report showed that said Walter F. and Thomas E. Welch elected to take all of said land at the appraisement, but erroneously reported in said report that said Walter F. and Thomas E. had purchased the interest of Agnes Farley in said land,

when no such purchase had been made, but that one-fifth of the value of the whole estate had been turned over to her and accepted by her.

The defendant put in evidence an order of the probate court of Adair county dated August 13, 1890, appointing three appraisers as follows: "It is ordered by the court that Terrence Flinn, James Gillispie and James Rowan be appointed appraisers or commissioners to appraise the real estate belonging to the deceased as provided by the last will of said deceased and to make their report under oath to this court at the November regular term, 1890. With the land thus taken mapped off."

Also an order of the probate court made November 10, 1890, as follows: "It is ordered by the court that the time of Terrence Flynn, James Gillespie and James Rowan to make the report as appraisers in the aforesaid estate be extended, and this cause is therefore continued to December 8, 1890, at which time said appraisers are required to make their report to this court."

Also the report of said appraisers, filed December 2, 1890, as follows:

"The undersigned having been appointed by this court commissioners under the terms of the will of William Welch, deceased, to make an equitable, just and fair appraisement of all the real estate belonging to deceased, respectfully report that on the 7th day of November, 1890, we were duly sworn that we were capable freeholders, residents of Adair county, Missouri, and that we should make an equitable, just and fair appraisement of said real estate, as will be shown by the affidavit hereto attached, and we did on said 7th day of November, 1890, view said real estate and appraise the same as follows: [here follows a description of the land with the valuation of the several tracts.] Making a total valuation of $4170.

"With the consent of the widow, Bridget Welch, we have assigned her as homestead and dower the following: N. E. N. W. and N. W. N. W. and S. E. N. W. and the N. ½ S. W. N. W. Section One, Twp. 63, Range fourteen (14), appraised at fifteen hundred dollars.

"We find that the value of the life estate of said widow in the lands assigned her as homestead and dower is five hundred and sixty dollars and thirty-five cents, leaving the total value of said lands exclusive of the value of the homestead and dower of the widow three thousand six hundred and nine dollars and sixty-five cents, making the value of the share of each of the five legatees seven hundred and twenty-one dollars and ninety-three cents. And Thomas E. Welch and Walter F. Welch having purchased the interest of Margaret Welch and Agnes Farley, two of said legatees in said land, *and they agreeing to take all of said lands at said valuation.*

"We ascertained that there is in money and personal property and notes, all good, belonging to said estate the sum of about thirty-seven hundred dollars.

"And Thomas E. Welch as trustee for said Margaret Ellen Moran with the consent of Walter F. Welch selects for said Margaret Ellen Moran seven hundred and twenty-one dollars and ninety-three cents in money in lieu of her interest in the land which sum is to be taken out of the shares of said Walter F. and Thos. E. Welch in the personal estate.

"The said Walter F. and Thos. E. Welch agree to take jointly the following lands subject to the life estate of their mother, to-wit:

N. ½ N. W. qr. Sec. 1 Twp. 63 R. 14.

S. E. N. W. qr. Sec. 1 Twp. 63 R. 14.

N. ½ S. W. N. W. Sec. 1 Twp. 63 R. 14.

"Then take all the other lands jointly in fee, all of which is shown by the plat hereto attached."

Also a warranty deed from Margaret C. Welch and Agnes Farley to Walter F. and Thomas E. Welch, dated December —, 1890, for the expressed consideration of $1443.86 and acknowledged January 7, 1891, conveying all the land described in the petition. Said deed contained the following language: "intending hereby to convey our interest as heirs and under the will of William Welch, deceased, and the warranties herein apply only to such interest."

Also a deed from Margaret E. Moran to Thomas E. Welch for her interest in said land for the expressed consideration of $1500, dated August 7, 1892.

The plaintiff in rebuttal put in evidence the first annual settlement of Walter F. and Thomas E. Welch, executors of said estate, made August 13, 1890, showing a balance due the estate of $3663.61, also the final settlement made September 11, 1893, showing a balance due the estate of $2959.32.

The evidence was all documentary. No witness was sworn. No instructions were asked or given. The court took the case under advisement until August 23, 1906, when it rendered its finding and judgment for the plaintiffs, and the defendants perfected their appeal, with leave to file their bill of exceptions during the next term of court.

There is a controversy as to whether the bill of exceptions was properly signed by the right judge. The appellant's abstract has the following:

"And afterwards defendants presented said bill of exceptions to Honorable Willard P. Cave, Special Judge, who tried said cause, and to said court, which said bill of exceptions was, on the 12th day of January, 1907, approved, allowed, signed and sealed by said Honorable Willard P. Cave. And said bill of exceptions was, on the said 12th day of January, 1907, and during the January term of said court, by an order of said court, duly entered of record, allowed and ordered

filed, and was filed and made a part of record in said cause.''

And their reply brief contains the following:

''Respondents attack appellants' bill of exceptions, filed in this cause, and contend that there is no bill of exceptions before this court. This contention ought to be ruled against respondents, because appellants' abstract of the record, at page 30-b, under the caption 'Bill of Exceptions Filed', shows that Honorable Willard P. Cave, Special Judge, who tried the cause and who signed the bill of exceptions, was presiding over the court at the time the order making the bill of exceptions a part of the record, was entered of record.''

The respondents do not contend that Judge Cave did not hold the January term, but insist that the abstract does not recite such fact.

The bill was signed as follows:

''WILLARD P. CAVE,

''Special Judge, Randolph County Circuit Court.'' And indorsed:

''O. K. Approved January 12, 1907,

''WILL A. ROTHWELL, of Counsel for Plaintiff.''

(1)  We are not disposed to exclude the bill of exceptions unless it clearly appears that it is our duty to do so. Appellants' abstract is capable of being construed to mean that Judge Cave did preside over the January term. Appellants' counsel assert that he did so preside. Respondent does not deny that he acted as such judge, and only insists that the abstract does not show that he was elected to preside at the January term.

From what is before us, we have no doubt that Judge Cave held the January term of the court as special judge and properly signed the bill in accordance with section 2032 of the statutes, which provides that such bill shall be signed by the succeeding or acting judge of the court. In Ranney v. Packing Co., 132

Mo. App. 324; it was held that where a special judge was elected to hold a term of court, the regular judge while the special judge is sitting has no authority to sign a bill of exceptions in a case tried before him at a preceeding term, but that it should be signed by the special judge. Much more does that rule apply here, where the special judge at the time of signing the bill is the same one who tried the case.

(2) Under the terms of the will the property both real and personal was to be appraised in the manner therein provided; and, upon the completion of the appraisement, the sons Walter F. and Thomas E. were given the right, upon delivery to the other beneficiaries under the will of their respective fifths in value of the estate, to take the land as their own.

Mrs. Farley was not given power by the will to convey them anything. Of course she could in her own right convey them her life estate, but, search the will as we may, no power to convey the remainder is vested in Mrs. Farley. The two sons had all the power necessary under the will to take the title to the real estate to themselves. All that was necessary was, to have the property, real and personal, appraised as provided in the will, then upon the full payment to the others of their respective shares in the estate, to take the land as their own. Did they exercise that power? We find that they did not. The personalty was never appraised, but, conceding that it was reduced to cash and that no appraisement was necessary of the personalty, yet there is nothing in the record from which such payment to Agnes Farley of the fifth of the estate can be inferred. The deed from her and her sister to the two brothers recites that it was made in consideration of $1443.86, just two-fifths of the value of the real estate as appraised. Their final settlement made in September, 1893, shows that they still had the personal assets in their hands, and there is no evidence in the case that they ever paid of their own money or of

the assets of the estate anything to Agnes Farley except the one-fifth of the appraised value of the real estate.   This is the construction of the will most favorable to the defendants.

The judgment was for the right parties and is affirmed.   *Bond, C.,* concurs.

PER CURIAM.—The foregoing report of the commissioners is hereby adopted as the opinion of the court.