STATE ex rel. SCHENK, Respondent, v. HENRY P. FLICK et al., Appellants.

### Kansas City Court of Appeals, May 4, 1914.

**BILL OF EXCEPTIONS: Change of Judge: New Circuit.** A case was tried by the regular judge of the circuit court for the county and time given the defeated party to prepare his bill of exceptions. Before that time expired and before the bill was signed the county, by act of the Legislature, was taken out of the trial judge's circuit and put into a new circuit organized by the act, the Governor appointing a judge for such new circuit. The trial judge signed the bill and it was held he had no authority to do so; that the new judge was his successor and the proper official to sign it.

Appeal from Schuyler Circuit Court.—*Hon. Nat. M. Shelton*, Judge.

AFFIRMED.

*E. R. Bartlett* for appellants.

*J. E. Luther, H. V. Smoot* and *E. R. McKee* for respondent.

ELLISON, P. J.—Sylvanus Flick died and his widow Sarah was appointed administratrix of his estate by the probate court of Scotland county. The latter died before her administration ceased and her son, H. P. Flick, was appointed administrator of her estate, and relator, as public administrator of the county, was appointed administrator *de bonis non* of the estate of Sylvanus which was left not wholly administered by Sarah at her death. Relator claimed that H. P. Flick when appointed administrator of the estate of his mother Sarah, took possession of assets as her individual property and converted it to her estate which she, in fact, only held as administratrix of her deceased husband Sylvanus, and he brought this action in the circuit court of Scotland county on the bond of said Flick for the value of such assets so alleged to have been converted. A change of venue was taken to Schuyler county which is not in the same circuit with Scotland. A trial was had in Schuyler before Judge Shelton, the regular judge of that circuit, which resulted in a judgment for plaintiff. Defendant thereupon appealed to this court.

Plaintiff, passing by all other questions, attacks the legality of defendant's bill of exceptions. Time was given to prepare the bill and when it was prepared it was signed by Judge Shelton who was then (and is yet) a circuit judge, but who, since the trial and before he signed, had ceased to be judge of the circuit court of Schuyler county and Judge Pettengil had become his successor.

That situation came about in this way: At the time of the trial Schuyler county was a part of the second circuit, Judge Shelton being the judge. After the trial and during the time taken to prepare the bill and before it was signed, the Legislature created a new circuit (Laws 1913, p. 216) by taking Lewis and Clark counties from the first and Schuyler from the second circuit and designating it as the 37th circuit. There-

upon the Governor appointed Judge Pettengil as the judge. Plaintiff contends that notwithstanding Shelton tried the case, Pettengil, his successor, should have signed the bill.

The general statute (Sec. 2032, R. S. 1909) provides that: "In any case where the judge who heard the cause shall go out of office before signing the bill of exceptions, such bill, if agreed to be true by the parties to the action, or their attorneys, or shown to the judge to be correct shall be signed by the succeeding or acting judge of the court where the case was heard." It will be observed that if the parties cannot agree on the bill prepared it may be *shown* to the judge to be correct. The Supreme Court in State ex rel. v. Gibson, 187 Mo. 536, 554, commented on the statute and the different practice it permits from that which prevailed before its enactment. Before the day of preserving the actual occurrences at a trial by shorthand methods, it seemed to be really necessary that the bill of exceptions should be taken at the time and signed by the judge who observed and heard the things he certified to in the bill; and if it happened that he died or went out of office, his successor necessarily could not perform that act. But, says the court in that case, with the improved methods of the stenographer, a judge who had not heard the case, for all practical purposes, could become informed as to what transpired at the trial. In view of this, the Legislature, in the section above quoted, set aside those decisions "requiring the trial judge and no other to settle and sign the bill of exceptions."

In Ramey v. Hammond Packing Co., 132 Mo. App. 327, we decided that where the regular judge had tried a case and given until the next term to prepare a bill of exceptions, became so ill that he could not hold the next term and a lawyer, in pursuance of the statute, was elected by the bar to hold the term in his stead, the regular judge was disqualified, during that term,

from signing and filing in court the bill of exceptions. That, under the statute, the judge elected by the bar, was his successor for the term, with all the powers of the regular judge. That case was approvingly cited in Farley v. Welch, 237 Mo. 128, 140.

In Fenn v. Reber, 153 Mo. App. 219, it was held by the St. Louis Court of Appeals that if the judge who tried the case in a circuit composed of several divisions presided over by as many different judges, who, under the law rotate or succeed one another in service, is succeeded by one of the other judges before the bill of exceptions is signed, the trial judge cannot act and the bill must be signed by the presiding judge.

But in Patterson v. Yancey, 97 Mo. App. 681, the facts were quite similar to those in this case, and the ruling was that the judge who tried the case could properly sign the bill though the court in which the case was tried had been taken from his circuit and put in another circuit presided over by a different judge. But that case was disapproved by the same court in Fenn v. Reber, and we think inferentially condemned by the Supreme Court in the Gibson case, supra. In the latter case the court called attention to the fact that "there is a line of cases" (the cases relied upon in Patterson v. Yancey) "holding otherwise, of which State ex rel. v. Barnes, 16 Neb. 37, is a sample, but it does not appear that such a statute as section 731 supra (now 2032) existed there or in the States whose appellate courts are cited by the Nebraska Court."

The foregoing views show that the paper presented here as a bill of exceptions must be disregarded. And this leaves us with nothing but the record proper and in that we do not find any error. The judgment will therefore be affirmed. All concur.