IN THE MATTER OF THE APPLICATION FOR A RECHECK
OF IRREGULAR BALLOTS CAST FOR THE OFFICES
OF MAYOR AND COUNCILMEN OF THE BOROUGH OF
SOUTH RIVER, MIDDLESEX COUNTY, NEW JERSEY,
IN DISTRICTS 1 TO 11 INCLUSIVE, AT THE PRIMARY
ELECTION APRIL 21, 1953.

Superior Court of New Jersey
Law Division

Decided July 31, 1953.

*Mr. Richard R. O'Connor* for the plaintiffs (*Messrs. O'Connor, Morss & Mancini,* attorneys).

*Mr. John E. Toolan* for the defendants.

CLAPP, J. A. D.   This matter comes before me on a motion by plaintiffs to vacate a judgment entered by a judge of the Middlesex County Court in a proceeding to contest an election, brought under *chapter* 29 of *Title* 19 of the *Revised Statutes.*   The judgment declares certain persons to have been elected at the primary election as nominees of the Democratic party to the offices of mayor and councilmen of South River.

The Middlesex County judge heard the matter and entered the judgment, proceeding purportedly pursuant to an order of the Chief Justice dated October 30, 1952.   By that order the Chief Justice assigned the judges of the Middlesex

County Court "to sit temporarily *in* the Superior Court, Law Division, in Middlesex County to try cases and hear motions pending in that court pursuant to *Rule A–18*" (Underscoring inserted). However under *Rule A–18*, which deals with integrated lists in certain counties, such a list "shall" not include prerogative writ proceedings and other matters, including "matters which can only be heard by a Judge of the Superior Court."

The order of the Chief Justice was doubtless made by virtue of the power committed to him by *Art.* XI, *Sec.* IV, *par.* 5 of the Constitution to assign any judge of the County Court to sit temporarily "in" the Superior Court.

█ Under *R. S.* 19:29–2, as amended by *L.* 1953, *c.* 19, § 33, the proceeding in question must be brought before "a Judge of the Superior Court" assigned to the county. Such an election proceeding, like a condemnation proceeding prior to *L.* 1953, *c.* 20, comes before the judge of the Superior Court as a legislative agent and is not "in" the Superior Court. *Bergen County Sewer Authority v. Little Ferry,* 5 *N. J.* 548 (1950). This has always been so as to a proceeding for a recount under *chapter* 28 of *Title* 19. *Massett Building Co. v. Bennett,* 4 *N. J.* 53, 60 (1950); *In re Recheck of Voting Machines,* 19 *N. J. Super.* 187 (*App. Div.* 1952). And it may always have been so as to election contests. *Van Winkle v. Caffrey,* 12 *N. J. Misc.* 834 (*Sup. Ct.* 1934). At any event the changes, made by *L.* 1953, *c.* 19, in *R. S.* 19:29–2, 19:29–4, and 19:29–7 to 19:29–10, substituting the word "judge" for "court," were designed to make the matter apparent.

█ It is urged on the motion that the moving parties had appealed to the Appellate Division, but their counsel stated to the court that though the notice of appeal had been served, it had not been filed. An appeal is not taken until the notice is both served and filed. *In re Pfizer,* 6 *N. J.* 233 (1951).

██ The judgment herein then was *coram non judice.* But what relief can I give? *R. S.* 19:29–5, as amended, authorizes, so far as practicable, "proceedings * * * simi-

lar to those in a civil action," by which, I take it, reference is made to proceedings in a civil action in a court of general jurisdiction. The power to vacate a judgment and to award a new hearing inheres in such proceedings.

However, I am met with *R. S.* 19:29–4, as amended, requiring the Superior Court judge to appoint a time for the hearing not more than 30 days after the filing of the complaint. It is now two and a half months after the filing of the complaint. I have looked at all cases reported in the digest as dealing with election contests in New Jersey, as well as cases in other jurisdictions, and find nothing of aid here, except decisions indicating that the procedural provisions of *chapter* 29 of *Title* 19 are to be construed strictly. *Kuestner v. Boscarell*, 5 *N. J. Misc.* 303, 308 (*Sup. Ct.* 1927).

Is there then no relief? It cannot be doubted but that the Appellate Division, by virtue of its broad judicial power referred to in *R. S.* 19:29–13, as amended by *L.* 1953, *c.* 19, can, notwithstanding *R. S.* 19:29–4, direct a rehearing after the lapse of the 30-day period. Am I then to say to the plaintiffs that these statutes require them to appeal in order to obtain their remedy? Surely I should not impute to the statutes such an unreasonable design. I am led thus to the view that *R. S.* 19:29–4 must have reference to a hearing other than a rehearing.

Motion granted, with leave to set the matter down for rehearing.